**W.H. BRESHEARS, INC., Plaintiff,**

v.

**FEDERATED MUTUAL INSURANCE COMPANY, Defendant.**

**No. CV–F–91–6–MDC.**

United States District Court,
E.D. California,
Fresno Division.

Jan. 11, 1993.

Michael J.F. Smith, Jory, Peterson & Sagaser, Fresno, CA, Jeffrey L. Leiter, Carolyn O. Tillman, Collier, Shannon, Rill & Scott and Dennis J. Whittlesey, Winstead, Sechrest & Minick, Washington, DC, for plaintiff.

Steve Watson, John L. Riedel, Dominic S. Nesbitt, Adams, Duque & Hazeltine, San Diego, CA and Charles Spevacek, Meagher & Greer, Minneapolis, MN, for defendant.

Patrick F. Hofer, Hogan & Hartson, Washington, DC.

CROCKER, Senior District Judge.

**ORDER GRANTING FEDERATED MUTUAL INSURANCE COMPANY'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND FOR NEW TRIAL**

The above-entitled action came on before the undersigned, the Honorable M.D. Crock-

er, Senior Judge, United States District Court for the Eastern District of California, for trial by jury on September 15–18, 1992, on plaintiff, W.H. Breshears, Inc.'s ("Breshears"), Second Amended Complaint and on defendant, Federated Mutual Insurance Company's ("Federated"), Counterclaim for Declaratory Judgment.

Breshears' Second Amended Complaint alleges that during the late night and early morning hours of March 3–4, 1990, an unknown vandal or vandals broke into Breshears' premises at 720 B Street, Modesto, California, and caused approximately 6,500 gallons of unleaded gasoline to be released from an aboveground storage tank upon and into the ground. At the time of this incident, Federated insured Breshears under a Commercial Package Policy of insurance, policy no. 9068018, containing a "Petro Pac Petroleum Products Distributors Coverage Part" (first-party property coverages) and a "Commercial General Liability Coverage Part" (third-party liability coverages); and under a Commercial Umbrella Liability Policy, policy no. 784681, providing excess liability coverage over the Commercial General Liability Coverage Part of the Commercial Package Policy. Claiming relief under theories of breach of contract and fraudulent misrepresentation,[1] Breshears seeks money damages from Federated under said insurance policies for the costs it has incurred to the time of trial in cleaning up the contamination resulting from the spilled gasoline, an order obligating Federated, pursuant to said insurance policies, to defend and indemnify Breshears against all further claims for clean-up arising out of the March 3–4, 1990 spill, and punitive damages.

Federated's Counterclaim asserts that in addition to the claims for clean-up, claims have been made against Breshears by an adjoining landowner (Podesto & Arata Ranch, a/k/a Podesto Farms, hereinafter "Podesto"), arising out of the March 3–4, 1990 incident, for which Breshears seeks insurance coverage from Federated; that future, additional claims may be made against Breshears arising out of the March 3–4, 1990 incident by Podesto and others,[2] for which insurance coverage may be sought; and that Federated is entitled to a Declaratory Judgment determining that Federated has no obligation to defend or indemnify Breshears under Federated's policies of insurance against said claim or claims.

On September 18, 1992, the parties' Motions for Judgment as a Matter of Law, pursuant to Rule 50 of the Federal Rules of Civil Procedure, on Breshears' Second Amended Complaint and on Federated's Counterclaim for Declaratory Judgment, and Breshears' Motion for Involuntary Dismissal of Federated's Counterclaim for Declaratory Judgment, pursuant to Rule 41 of the Federal Rules of Civil Procedure, came on for hearing. Dennis J. Whittlesey, Esq., Jeffrey L. Leiter, Esq., and Carolyn O. Tillman, Esq., of Collier, Shannon, Rill & Scott, Washington, D.C., and Michael J.F. Smith, Esq., of Jory, Peterson & Sagaser, Fresno, California, appeared for Breshears. Charles E. Spevacek, Esq., of Meagher & Geer, Minneapolis, Minnesota, and Steven A. Watson, Esq., of Adams, Duque & Hazeltine, San Diego, California, appeared for Federated. This Court orally ruled from the bench in favor of Defendant Federated and against Plaintiff Breshears on said Motions. Thereafter, Plaintiff filed its Motion to Vacate Judgment and for New Trial, seeking reversal of this Court's rulings of September 18, 1992. Oral argument on said Motion was held before this Court on December 14, 1992. Dennis J. Whittlesey, Esq. of Collier, Shannon, Rill & Scott, Washington, D.C. and Michael J.F. Smith, Esq. of Jory, Peterson & Sagaser, Fresno, California, appeared for Breshears. Charles E. Spevacek, Esq., of Meagher & Geer, Minneapolis, Minnesota, appeared for Federated. This Court orally advised the parties at the close of oral argument that Breshears' Motion was denied.

---

**1.** Of the original Second Amended Complaint, three Counts remained for trial following ruling on Defendant's Motion to Dismiss, to-wit: Count 1—Breach of Contract, Count 2—Money Damages for Breach of Contract, and Count 4—Fraudulent Misrepresentation.

**2.** Including, but not limited to, Sprint Communications and Southern Pacific Railroad.

This Order memorializes this Court's oral rulings of September 18 and December 14, 1992.

Thus, having considered the pleadings, papers and exhibits filed by the parties as well as the evidence admitted at trial, and having heard the opening statements of counsel, the testimony of the witnesses and the arguments of counsel, the Court, being duly advised in the premises and good cause appearing therefor, **HEREBY ORDERS, ADJUDGES AND DECREES** as follows:

# I.

## Breshears' Second Amended Complaint

### Count 1—Breach of Contract

### Count 2—Money Damages for Breach of Contract

Federated's Commercial Package Policy contains two coverage parts at issue in these proceedings, the "Petro Pac Petroleum Products Distributors Coverage Part" (hereinafter "Petro Pac Coverage Part") and the "Commercial General Liability Coverage Part" (hereinafter "CGL Coverage Part"). In addition, Federated's Commercial Umbrella Liability Policy provides excess liability coverage over the "CGL Coverage Part" of the Commercial Package Policy. Each of the relevant coverage parts is considered, as follows:

### A. Petro Pac Coverage Part

■ The "Petro Pac Coverage Part" provides first-party coverage for damages to Breshears' own "covered property." "Covered property" under this coverage part does not, however, include land, water, excavations and pavement, nor does it include the property of others, such as Podesto. This coverage part also provides additional "debris removal" coverage, but only as to the debris of "covered property." The additional "debris removal" coverage also does not apply to the costs to extract pollutants from land or water or to remove, restore or replace polluted land or water. There is no duty to defend contained within this coverage part.

As there is no legally sufficient evidentiary basis for a reasonable jury to have found that the claims arising out of the March 3–4, 1990 incident were, or could be, covered under the "Petro Pac Coverage Part" of the Federated Commercial Package Policy; as Breshears has been fully heard with respect to this issue; and as it is the finding of this Court that Federated is entitled to judgment as a matter of law on the claims for insurance coverage, defense and indemnity submitted under this coverage part arising out of the March 3–4, 1990 incident, Federated's Motion for Judgement as a Matter of Law on Counts 1 and 2 of Plaintiff's Second Amended Complaint, regarding this coverage part, is hereby **GRANTED.**

As to Plaintiff's Motion to Vacate Judgment and for New Trial, Plaintiff does not contest this Court's ruling as to the Petro Pac Coverage Part of the Federated policy. Said Motion is, therefore, **DENIED** as to this Coverage Part.

### B. CGL Coverage Part and Commercial Umbrella Liability Policy

The second coverage part at issue in the Federated Commercial Package Policy is the "CGL Coverage Part." Federated also provides excess liability coverage over the "CGL Coverage Part" by its "Commercial Umbrella Liability Policy", policy no. 784681. Both policies provide coverage for "Bodily Injury", "Property Damage" and "Personal Injury" liability, according to their terms.

■ There is no coverage under the "Bodily Injury" or "Property Damage" liability coverages of "CGL Coverage Part" of the Federated Commercial Package Policy, or under the Federated Commercial Umbrella Liability Policy, for the claims arising out of or related to the spill of gasoline from the Breshears' premises on March 3–4, 1990, and, thus, there exists no duty on the part of Federated to defend or indemnify Breshears against those claims, as a result of the clear and unambiguous exclusion from coverage contained within the policies' "Pollution Exclusion Endorsement" (Joint Trial Exhibit 11, at p. 769 and Joint Trial Exhibit 12, at p. 784). The evidence submitted at trial does not render the language of these exclusions reasonably susceptible to more than one in-

terpretation. Breshears' contentions that, as a matter of law, unleaded gasoline is not a "pollutant" as defined in the "Pollution Exclusion Endorsement", that a triable issue of fact exists as to whether unleaded gasoline is a "pollutant", as that term is used in the policies, or that a triable issue of fact exists as to Breshears' expectations as to coverage are rejected as a matter of law.

■ As to the policies' "Personal Injury" liability coverages, these obligate Federated to pay, in relevant part, those sums Breshears becomes legally obligated to pay as damages because of injury, other than "Bodily Injury", arising out of the enumerated offenses of "wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies." Breshears contends the escape of gasoline from its premises onto the property of others—such as Podesto & Arata Ranch—subjects Breshears to claims for trespass, nuisance and strict liability, and constitutes a "wrongful entry into, ... a room, dwelling or premises that the person occupies", thus invoking the duty to defend and indemnify under the "Personal Injury" liability coverages for the claims of third parties so affected. In support of this contention Breshears cites, among others, *City of Edgerton v. General Casualty Co*, 172 Wis.2d 518, 493 N.W.2d 768 (Wis.App.1992); *Pipefitters Welfare Educational Fund v. Westchester Fire Ins. Co.*, 976 F.2d 1037 (7th Cir.1992) and *Northrop Corp. v. American Motorists Ins. Co.*, No. C 710571 (Cal.Super.Ct., Los Angeles County, Apr. 8, 1992).

For the reasons more fully set forth in "Memorandum of Defendant Federated Mutual Insurance Company in Opposition to Plaintiff W.H. Breshears, Inc.'s Arguments as to 'Personal Injury', Waiver and Estoppel" and "Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Vacate Judgment and for New Trial", this Court, as a matter of law, rejects Breshears' contentions in this regard.

Briefly, the offenses of "wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies" involve a claim by one person over another to the occupancy of property. A wrongful eviction takes place when a tenant is dispossessed by his or her landlord. A wrongful entry takes place when someone other than the landlord claims a possessory interest in the room, dwelling or premises. These two offenses are contrasted with the torts of trespass, public and private nuisance, and strict liability for "ultrahazardous" activity, which do not involve a claim by one person over another to the occupancy of property. As a matter of law, the protections contained within the Federated policies for liability arising out of "Personal Injury" do not protect against the torts of trespass, public and private nuisance, and strict liability for "ultrahazardous" activity.

Even if the "Personal Injury" coverages in the Federated policies were to apply to the events of March 3–4, 1990, coverage would be excluded by virtue of the policies' "pollution" exclusions. The risk of property damage caused by pollution is expressly excluded by the policies, as is any loss, cost or expense arising out of any request, demand or order that any insured, or others, test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants. To find coverage for the events of March 3–4, 1990, under the "Personal Injury" coverages of the Federated policies without applying the "pollution" exclusions of said policies to said coverages would be an anomalous result.

As to Breshears' contention that Federated has waived its ability to reject coverage under the "Personal Injury" liability coverages of its policies, this claim is, too, rejected as a matter of law. Waiver is not pled in Breshears' "Answer to Counterclaim for Declaratory Relief", as required by Rule 8(c) of the Federal Rules of Civil Procedure, nor is a theory of waiver predicated upon the omission of reference to the "Personal Injury" coverages in Federated's letters to Breshears denying and/or reserving rights as to coverage impliedly pled in Breshears' "Second Amended Complaint" or in its "Answer to Counterclaim for Declaratory Relief." Even if Breshears' claim of waiver is not now lost by its failure to plead the defense, such claim is legally without merit. Moreover, even if meritorious, Breshears has, as a matter of law, failed to meet its burden of proving the

applicability of a theory of waiver to this matter, or, if applicable, the elements of a claim of waiver.

Finally, Breshears' legal argument that the policies provide coverage under the "Personal Injury" liability coverages was not raised until the trial commenced in this action and thus violates the letter and spirit of the Local Rules of the Federal District Court for the Eastern District of California and the Federal Rules of Civil Procedure.

As there is no legally sufficient evidentiary basis for a reasonable jury to have found that claims arising out of the March 3–4, 1990 incident were, or could be, covered under the "CGL Coverage Part" of the Federated Commercial Package Policy or under the Federated Commercial Umbrella Liability Policy; as Breshears has been fully heard with respect to this issue; and as it is the finding of this Court that Federated is entitled to judgment as a matter of law on the claims for insurance coverage, defense and indemnity submitted, or to be submitted, under the "CGL Coverage Part" of the Commercial Package Policy, policy no. 9068018 and/or under the Commercial Umbrella Policy, policy no. 784681, arising out of the March 3–4, 1990 incident, Breshears' Motion for Judgment as a Matter of Law on Federated's Counterclaim is hereby **DENIED**, Breshears' Motion for Involuntary Dismissal of Federated's Counterclaim is hereby **DENIED**, Federated's Motion for Judgment as a Matter of Law on Counts 1 and 2 of Plaintiff's Second Amended Complaint is hereby **GRANTED**, and Breshears' Motion to Vacate Judgment and for New Trial is hereby **DENIED**.

## II.

### Breshears' Second Amended Complaint

### Count 4—Fraudulent Misrepresentation

The parties hereto have agreed, pursuant to their submission of Joint Proposed Jury Instruction No. 19, that included within the essential elements of plaintiff's claim of fraudulent misrepresentation in this action, each of which elements must be proved to recover damages, are that Breshears must have acted in reasonable reliance upon the alleged misrepresentations of the Federated marketing representative and that as a result of said reliance Breshears must have sustained damage.

As a matter of law, Breshears could not have reasonably relied upon the alleged misrepresentations of the Federated marketing representative, nor, as a matter of law, has Breshears proven it sustained damage as a result of the alleged misrepresentations.

As there is no legally sufficient evidentiary basis for a reasonable jury to have found that Breshears sustained its burden of proving the essential elements of the misrepresentation claimed in this action; as Breshears has been fully heard with respect to this issue; and as it is the finding of this Court that Federated is entitled to judgment as a matter of law on Breshears' claim of fraudulent misrepresentation; Federated's Motion for Judgment as a Matter of Law on Count 4 of Plaintiff's Amended Complaint, including the claim for punitive damages, is hereby **GRANTED**, and Breshears' Motion to Vacate Judgment and for New Trial is hereby **DENIED**.

## III.

### Federated's Counterclaim for Declaratory Judgment

For the reasons set forth above in Sections I and II, above, Federated's Counterclaim for Declaratory Judgment that it has no obligation under the policies at issue to defend or indemnify Breshears against the claim of Podesto, or any future claims by third parties or governmental agencies arising out of the March 3–4, 1990 incident and resulting spill of gasoline, is hereby **GRANTED**. Likewise, Breshears' Motion to Vacate Judgment and for New Trial is hereby **DENIED**.

\* \* \* \* \* \*

Judgment shall, therefore, be entered in favor of defendant, Federated Mutual Insurance Company, and against plaintiff, W.H. Breshears, Inc., on plaintiff's Second Amended Complaint and that said Second Amended Complaint is hereby **DISMISSED**, with prejudice and on the merits; judgment shall also be entered in favor of defendant, Federated

Mutual Insurance Company, and against plaintiff, W.H. Breshears, Inc., on Federated's Counterclaim for Declaratory Relief; and defendant, Federated Mutual Insurance Company, shall have judgment in its favor, and against plaintiff, W.H. Breshears, Inc., for its reasonable costs incurred herein.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**